**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:15-CR-00045-TBR**

UNITED STATES OF AMERICA                                                                           PLAINTIFF

v.

JAMES OMAR JONES                                                                                  DEFENDANT

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant James Omar Jones's Emergency Motion for Compassionate Release in Light of COVID-19. [DN 151]. The government responded. [DN 153]. The Court informed the parties that it would consider the merits of the motion after receiving the government's response, without a reply from the defendant. [DN 152]. Thus, the matter is ripe for adjudication. For the reasons stated below, the motion is DENIED.

**I.  Background**

On April 4, 2016, Jones pleaded guilty to conspiracy to distribute heroin and cocaine. [DN 103]. He was sentenced to a 120-month term of imprisonment. [DN 127]. He was immediately remanded to the custody of the United States Marshal. *Id*. Jones is currently being housed at FCI Terre Haute and has served over fifty percent of his sentence. [DN 150 at 1].

On June 12, 2020, Jones filed a Motion for Compassionate Release in Light of COVD-19. [DN 142]. He then filed an amended version of that same motion six days later. [DN 143]. Jones also filed a supplement to the amended motion. [DN 145]. The government responded, and the defendant replied. [DN 148; DN 149]. The Court issued a Memorandum Opinion and Order denying the motion. [DN 150]. On December 7, 2020, Jones filed his present motion as an "Emergency Renewed Motion for Compassionate Release," and he describes it as an "emergency

renewal of his previous Motion for Compassionate Release." [DN 151 at 1]. Before addressing the present motion, the Court will provide a brief account of Jones's earlier motion and its disposal.

In his earlier motion for compassionate release, Jones contended that "[t]he current pandemic has brought about extraordinary circumstances that justify a modification of Mr. Jones' sentence to one of home confinement, where he can take measures to prevent being infected with the virus and prevent becoming a vector to spread the virus to others." [DN 143 at 1]. Jones argued that "[d]ue to his age and race risk groups, [he] is in a vulnerable group for susceptibility to serious medical complications from the Corona Virus." *Id*. at 2. Jones is a 42-year-old African American man. *Id*. at 1. The government responded by arguing that (1) Jones had not exhausted his administrative remedies, (2) Jones had not provided extraordinary and compelling reasons for sentence reduction, and (3) Jones would be a danger to the safety of the community if he were released. [DN 148 at 3-9]. In his reply to the government's response, Jones argued that he did exhaust his administrative remedies. [DN 149 at 1-2]. Jones also reiterated that his race makes him particularly susceptible to coronavirus, and he countered the government's contention that the sentencing factors of 18 U.S.C. § 3353(a) should preclude his early release. *Id*. at 4-6. In its Memorandum Opinion and Order, the Court denied Jones's motion. [DN 150]. Though the Court determined that Jones did exhaust his administrative remedies, it concluded that Jones's age, race, and generalized fear about contracting the virus did not constitute extraordinary and compelling reasons warranting his release. *Id*. at 3-5.

In his present motion, Jones argues that emergency renewal of his Motion for Compassionate Release is appropriate "due to a severe outbreak of COVID currently raging through the FCI Terre Haute Camp facility where Mr. Jones is housed." [DN 151 at 1]. Jones submits that as of December 7, 2020, 153 inmates and 18 staff members had tested positive. *Id*.

He claims that when testing does occur, the turnaround time for results is lengthy, "making the testing almost meaningless." *Id*. Jones also asserts that the inmates in his facility are lined up in very close proximity during temperature checks, that "[t]he number of positive inmates being moved to isolation has been sky-rocketing," and that he fears the harm he may suffer if he contracts the virus. *Id*. at 2. Jones again contends that he would not be a danger to the community if he were released, and the drastic change in circumstances at the Terre Haute facility requires the Court's reconsideration of his motion. *Id*. at 2-3.

With his emergency motion, Jones attached a motion for compassionate release filed by another inmate at the Terre Haute facility, along with an order granting that motion. [DN 151-2; DN 151-3]. In that case, the United States District Court for the Southern District of Indiana granted Terre Haute inmate Jason Davis's motion for compassionate release, stating the following:

> Mr. Davis' preexisting medical conditions place him at an increased risk of severe illness or death from COVID-19. Because he is unable to protect himself from the risk of contracting COVID-19, and in light of the recent surge of COVID-19 cases at his facility and the community surrounding his facility, the Court finds that Mr. Davis has demonstrated an extraordinary and compelling reason justifying his early release.

*United States v. Davis*, No. 2:15-cr-00019-JMS-CMM, 2020 WL 7138645, at *6 (S.D. Ind. Dec. 7, 2020). The medical conditions at issue for Davis included obesity, hypertension, and status as a former smoker. *Id*. at *5. In granting the motion, the court also considered Davis's risk of posing a danger to the community and the sentencing factors of 18 U.S.C. § 3553(a). *Id*. at *6-7. As further explained below, the Court does not find that Jones has demonstrated an extraordinary and compelling reason for release, as the United States District Court for the Southern District of Indiana found of Jason Davis.

## II. Legal Standards

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101)). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id*. (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and

4

compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id*. The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id*.

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

This Court denied Jones's earlier motion because he failed step one of the analysis—he did not demonstrate extraordinary and compelling reasons for release as is required under 18 U.S.C. § 3582(c)(1)(A). [DN 150 at 4-5]. In denying the motion, the Court found that Jones was not at a greater risk for contracting coronavirus due to his age. [DN 150 at 4]. The Court also found that "[e]ven though [Jones's] race would make him more susceptible to suffering a serious illness from the virus, that and his generalized fear about the virus are not enough to warrant release." *Id*. at 4-5 (citing *Boyer v. United States*, No. CR 14-10163-NMG, 2020 WL 1978190, at *2 (D. Mass. Apr. 24, 2020)). The Court's previous findings with respect to Jones's age and race remain accurate.[1] The only thing that has noticeably changed between Jones's original motion and his present emergency motion is that Jones alleges there is "a severe outbreak of COVID currently raging through the FCI Terre Haute Camp facility where Mr. Jones is housed." [DN 151 at 1]. Specifically, Jones asserts that as of December 7, 2020, FCI Terre Haute had confirmed positive cases in 153 inmates and 18 staff members. *Id*.

---

[1] CDC COVID Data Tracker, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#demographics (last visited January 8, 2021).

The available data as of January 8, 2021 indicate that at FCI Terre Haute where Jones is housed, there are active cases in 6 inmates and 19 staff members.[2] As of the same date, the BOP reports that FCI Terre Haute houses a total of 999 inmates at that facility.[3] Thus, less than 1% of the inmate population at FCI Terre Haute is reported as experiencing an active case of coronavirus. On the other hand, at USP Terre Haute, the BOP reports active cases in 102 inmates and 5 staff members.[4] The BOP also reports that USP Terre Haute houses a total of 1,207 inmates at that facility.[5] Thus, at USP Terre Haute, roughly 8% of the inmate population is reported as experiencing an active case of coronavirus. While FCI Terre Haute and USP Terre Haute are close to one another, the Court understands that these are two separate facilities,[6] and Jones is housed in the facility with less than 1% of inmates with confirmed active cases. [DN 150 at 1].

In his emergency motion, Jones points out that in its order and opinion on Jones's original motion for compassionate release, this Court "note[d] that Terre Haute was not experiencing an outbreak of COVID, thus extraordinary circumstances did not exist at the time of his earlier request." [DN 151 at 2]. In fact, this Court stated, "[a]lthough the virus is present in the prison, there is no uncontrolled outbreak." [DN 150 at 4]. The absence of an uncontrolled outbreak and Jones's lack of threatening medical risk factors led the Court to find that Jones had not presented extraordinary and compelling reasons warranting his early release. *Id*. at 4-5. The same is true with respect to the instant motion.

---

[2] COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited January 8, 2021).
[3] FCI Terre Haute, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/tha/ (last visited January 8, 2021).
[4] COVID-19, *supra* note 2.
[5] USP Terre Haute, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/thp/ (last visited January 8, 2021).
[6] Our Locations, Federal Bureau of Prisons, https://www.bop.gov/locations/search.jsp?q=FCC+Terre+Haute&name=Terre+Haute&facilityType=FCC (last visited January 8, 2021).

Again here, Jones has not presented the Court with extraordinary and compelling reasons that warrant his release. Jones is relatively young, he is in apparently good health, and the facility he is housed in still is not experiencing an uncontrolled outbreak. These circumstances stand in considerable contrast to the circumstances of the inmate in *Davis*. 2020 WL 7138645, at *5-6. Looking at the totality of Jones's circumstances, Jones's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Because Jones has not shown extraordinary and compelling reasons for a reduction in terms of imprisonment as required under step one of the compassionate release analysis, this Court need not consider whether any reduction is defensible under the circumstances of the case by considering factors of 18 U.S.C. § 3553(a). *Jones*, 980 F.3d at 1108. Jones's Emergency Renewed Motion for Compassionate Release, DN 151, is **DENIED**.

### IV. Conclusion

For the reasons stated above, Jones's Emergency Renewed Motion for Compassionate Release, DN 151, is **DENIED**. **IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 8, 2021

cc: counsel